IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02710-BNB

THOMAS JOHN BEYLIK,

Applicant,

v.

AL ESTEP,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 17 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE A SECOND AMENDED APPLICATION

---

Applicant, Thomas John Beylik, is a prisoner in the custody of the Colorado Department of Corrections, who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. On December 21, 2007, Mr. Beylik submitted to the Court a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The Court construed the action as more properly filed pursuant to 28 U.S.C. § 2241 and instructed Mr. Beylik to submit an Amended Application on a Court-approved form used in asserting claims pursuant to § 2241.

On February 27, 2008, Applicant filed a § 2241 Court-approved form. The Court must construe the Amended Application liberally because Mr. Beylik is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Beylik will be ordered to file a Second Amended Application.

Applicant's claims as asserted in the Amended Application are conclusory and

vague. Mr. Beylik, therefore, is directed to file a Second Amended Application on a Court-approved form and to state his denial of parole claims on the form in a simple and concise manner pursuant to Rule 8 of the Federal Rules of Civil Procedure.

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); **Browder v. Director, Dep't of Corrections**, 434 U.S. 257, 269 (1978); **Ewing v. Rodgers**, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Mr. Beylik also must allege specific facts in support of his claims to demonstrate that his federal constitutional rights have been violated. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Applicant go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). He must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

The Court further notes that in the § 2254 application form that Applicant filed with the Court on December 21, 2007, he raises claims that specifically challenge the denial of parole by the Colorado Board of Parole. As Applicant was instructed in the

2

Court's Order of February 11, 2008, if Applicant intends to raise claims regarding the denial of parole he is challenging the execution of a sentence and the claims more properly are considered in a § 2241 action as opposed to a § 2254 action. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir 2000). Mr. Beylik now, to the extent that the Court is able to determine the claims that he intends to assert, raises claims challenging both the validity of his conviction and sentence and the denial of his parole.

Applicant is directed to raise only claims that challenge the denial of his parole in his Second Amended Application, because claims that challenge the validity of his conviction and sentence are inappropriately raised in this action. Furthermore, a request for money damages is not available in a habeas corpus action. Accordingly, it is

ORDERED that Mr. Beylik file, **within thirty days from the date of this Order**, a Second Amended Application that complies with the Order. It is

FURTHER ORDERED that Mr. Beylik's Second Amended Application shall be titled, "Second Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Beylik, together with a copy of this Order, two copies of the 28 U.S.C. § 2241 Court-approved form. It is

FURTHER ORDERED that if Mr. Beylik fails within the time allowed to file a Second Amended Application as directed the Application will be denied and the action will be dismissed without further notice.

3

DATED March 17, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02710-BNB

Thomas John Beylik
Prisoner No. 127387
FCF - Unit 1-B-208
PO Box 999
Cañon City, CO 81215- 0999

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on 3/7/08

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk