IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 07-cv-02710-WYD

THOMAS JOHN BEYLIK,

     Applicant,

v.

AL ESTEP, Warden,

     Respondent.

---

## ORDER

THIS MATTER is before the Court on *pro se* Applicant's Motion for Appointment of Counsel, filed June 5, 2009 [#50], and Petition to Amend Pursuant to Rule 15, also filed June 5, 2009 [#51].  Applicant initiated this case with the filing of his Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

In the Motion for Appointment of Counsel, Applicant contends that he is indigent requests that the Court appoint counsel for him in this case.  "[T]here is no constitutional right to representation by counsel in a habeas corpus proceeding."  *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993).  However, pursuant to 28 U.S.C. § 2254(h), the Court *may* appoint counsel for an applicant who is or becomes financially unable to afford counsel.  The Criminal Justice Act provides that "[w]henever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."  18 U.S.C. § 3006A(a)(2).  Thus, the court has discretion to appoint counsel in a habeas proceeding.  "In most federal courts, it is the

practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing." *Johnson v. Avery*, 393 U.S. 483, 487 (1969).

Here, Applicant has made no showing that he financially unable to afford counsel. Contrary to his representations, his application to proceed in this matter pursuant to 28 U.S.C. § 1915 was denied as moot on January 24, 2008, following his payment of the filing fee. However, even assuming Applicant is indigent, I find that appointment of counsel is not appropriate in this case. First I note that as a *pro se* litigant, Applicant is afforded a liberal construction of his papers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Moreover, Applicant's claims for relief are not factually or legally complex; the issues are straightforward and capable of resolution on the record. Finally, it appears that no evidentiary hearing has been requested and, pursuant to the standard articulated in 28 U.S.C. § 2254(e)(2), none is required in this case. Therefore, I find and conclude that denial of counsel will not result in fundamental unfairness and it is not necessary in the interests of justice to appoint counsel for Applicant in this case.

Concerning the Petition to Amend Pursuant to Rule 15, I find that this matter has been fully briefed and Applicant has not presented a cogent legal or factual basis to justify the filing of an amendment to his "rebuttal brief."

Therefore, it is hereby

ORDERED that Applicant's Motion for Appointment of Counsel, filed June 5, 2009 [#50] is **DENIED**. It is

FURTHER ORDERED that the Petition to Amend Pursuant to Rule 15, also filed

June 5, 2009 [#51] is **DENIED**.

Dated:  July 14, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge